JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 14-1392 PA (Ex) | Date | February 26, 2014 |
|---|---|---|---|
| Title | Nancy L. Myers v. Fresenius USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendants Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Marketing, Inc., and Ben Lipps (collectively "Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Nancy L. Myers ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

  Plaintiff alleges claims for strict products liability, negligence, failure to warn, breach of warranty of merchantability, breach of express warranty, breach of implied warranty, fraud, unjust enrichment, wrongful death, survivorship, and loss of consortium, on behalf of herself and all other heirs of Frank A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1392 PA (Ex) | Date | February 26, 2014 |
|---|---|---|---|
| Title | Nancy L. Myers v. Fresenius USA, Inc., et al. | | |

Myers, who allegedly died after using dialysis products manufactured and distributed by Removing Defendants. According to the Notice of Removal, Plaintiff is a citizen of California. Removing Defendants state that the corporate Fresenius defendants are citizens of Massachusetts, Delaware, and New York. Defendant Ben Lipps is a citizen of Nevada. Defendant Walter Weisman ("Mr. Weisman"), who did not join in the Notice of Removal, is a citizen of California. Removing Defendants assert in their Notice of Removal that the Court should ignore the citizenship of Mr. Weisman for purposes of removal because, according to them, he was fraudulently joined to defeat diversity.

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3341 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C-06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Although Removing Defendants acknowledge in their Notice of Removal that Mr. Weisman is a citizen of California, they maintain that his citizenship should be ignored because he has been fraudulently joined. Specifically, Removing Defendants contend that Mr. Weisman is fraudulently joined because the Complaint does not allege sufficient facts to state a claim against him. The Court finds that Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of her claims against Mr. Weisman. See Padilla, 697 F. Supp. 2d at 1159. While the Complaint's purported pleading deficiencies may make the allegations subject to demurrer, Removing Defendants have not established that there is no possibility of recovery against Mr. Weisman and that the claims against him could not be cured through amendment. Accordingly, Removing Defendants have failed to meet their burden to demonstrate that Mr. Weisman is fraudulently joined. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1392 PA (Ex) | Date | February 26, 2014 |
|---|---|---|---|
| Title | Nancy L. Myers v. Fresenius USA, Inc., et al. | | |

  In addition, the Notice of Removal alleges that "Plaintiff Nancy Myers is, and Decedent Fran[k] Myers was, a citizen of California. [Ex. A, Comp. ¶¶ 5-6.]." As the Notice of Removal makes clear, however, Plaintiff's Complaint only alleges that Plaintiff was a resident of California. (See Compl. ¶ 5.) Because an individual is not necessarily domiciled where he or she resides, Removing Defendants' allegation of Plaintiff's citizenship, based on an allegation of residence, is insufficient to establish Plaintiff's citizenship. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Removing Defendant's allegation of Plaintiff's citizenship is insufficient to invoke this Court's diversity jurisdiction.

  For all of the reasons stated above, the Court remands this action to the Los Angeles County Superior Court, Case No. BC534080, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.